UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Jeff Seipel, as Trustee of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Tom Vevea and Gary Reed, as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Ronald Thornburg and Cindy Ecklund, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors, | Civil File No. 07-4170 MJD/SRN |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT,** <br> **CONCLUSIONS OF LAW, AND ORDER** |
| NITTY-GRITTY CLEANING SERVICE, INC., | |
| Defendant. | |

This matter was heard before the undersigned on the 3rd day of April, 2008. Michael Eldridge of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. Steven Hughes, President, appeared on behalf of the Defendant. Defendant was not represented by counsel.

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on October 3, 2007. The service was accomplished upon Defendant through the Minnesota Secretary of State on October 17, 2007.

2. Defendant has failed to file and serve a response or Answer to the Complaint.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, as the administrative agent designated by the Trustees.

4. Since at least November 1, 2005 Defendant has been bound to the terms of a Collective Bargaining Agreement between the Laborers District Council of Minnesota and the Commercial Cleaning Contractors titled Commercial Cleaning Services Agreement.

5. The Collective Bargaining Agreement obligates employers to make contributions on behalf the bargaining unit employee in the amounts set forth and agreed upon therein. The employer is required to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, Vacation, Training/Apprenticeship and LECET as is designated in the wage schedule of the agreement for each hour worked by all employees covered by the agreement to the Funds' designated administrator.

6. The Collective Bargaining Agreement also requires employers to promptly furnish to the Trustees, or the Unions, or their authorized agents, on demand, all necessary employment and payroll records relating to its employees covered by this agreement, including any other relevant information that may be required in connection

with the administration of the Trust Funds.  The Trustees, the Unions, or their authorized agents may examine such employment, or payroll records whenever such examination is deemed necessary by the Trustees, the Unions, or their authorized agents in connection with the proper administration of the Trust Funds.

7. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

8. Plaintiffs requested that Defendant produce a complete set of all employment and payroll records for audit for the period of November, 2005 through April, 2007 for the purposes of auditing the records to determine its compliance with the terms of the Collective Bargaining Agreement.

9. Although Defendant produced a partial set of records, it has failed and refused to produce a complete set of records.

10. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

11. Defendant's representative appeared at the hearing and acknowledged that Defendant is in default. Defendant has agreed to produce the following records for Plaintiffs' inspection by no later than May 2, 2008:

- Quarterly Federal Form 941 and Minnesota Unemployment forms for the 4th quarter of 2005, all four quarters of 2006, and the 1st and 2nd quarters of 2007
- Annual Federal Form 940 for 2005, 2006 and 2007
- Annual Forms W2s and the W3 for 2005, 2006 and 2007
- 1099 and 1096 Forms for 2005, 2006 and 2007
- Payroll summary showing hours worked and wages earned by employees for the period of November 1, 2005 through April 30, 2007

- Such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

## **CONCLUSIONS OF LAW**

1. Defendant is in default.

2. Defendant is required to produce a complete set of records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of November, 2005 through April, 2007.

3. Defendant is liable for all liquidated damages and for all delinquent fringe benefit contributions discovered to be due per the audit, and is further liable for Plaintiffs' attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default is stayed for a period of 30 days from the date of this Order.

2. That Defendant shall produce for inspection and audit a complete set of the following business records for all operations for the period November, 2005 through April, 2007, on or before May 2, 2008:

- Quarterly Federal Form 941 and Minnesota Unemployment forms for the 4th quarter of 2005, all four quarters of 2006, and the 1st and 2nd quarters of 2007
- Annual Federal Form 940 for 2005, 2006 and 2007
- Annual Forms W2s and the W3 for 2005, 2006 and 2007
- 1099 and 1096 Forms for 2005, 2006 and 2007
- Payroll summary showing hours worked and wages earned by employees for the period of November 1, 2005 through April 30, 2007
- Such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

9.     Production and inspection shall occur at the premises of Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120.

10.    That upon completion of the audit for the period of November, 2005 through April, 2007, pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

11.    That if Defendant fails to produce the required business records on or before May 2, 2008, pursuant to this Order, the Plaintiffs may move the Court for Entry of Default granting relief as shown by Affidavit filed with the Court, and the Court shall enter default ten days after service of the affidavit on Defendant.

Dated: April 3, 2008                BY THE COURT:

                                    s / Michael J. Davis
                                    The Honorable Michael J. Davis
                                    United States District Court Judge